PETITION EOR A REHEARING.
To the Honorable the Chief Justice and Associate Judges of the Supreme ■Court of the State of Texas:
The appellant in this case by his counsel respectfully asks that you grant him a rehearing, for the reason that as lie conceives in the consideration of 'this case the court mistook the law and did not consider the force and effect of the 33d section of an “An act organizing the inferior courts aud defining the “powers and jurisdiction of the same,” approved December 20th, lij30, which ¡act, he believes, authorized the copy of the order or judgment of tííe ayunta-miento of the municipality of Austin, which was offered in evidence by the appellant, to be read as evidence on the trial in the District Court, being authenticated as it was by the certificate and seal of the clerk of the County 'Court of Austin county, that officer, as he conceives, being made by the section of the law above referred to the proper depository of all the papers, documents, aud records of the said ayuntamiento court. Ami he will ever, &c.
W. T. McFarland,

Alt'yfor Appellant.

Noth 17. — Gib-on v. Moore, 22 T., GU.
Noth 18. — Andrews v. Marshall, 26 T., 212: Hatchett v. Conner, 20 T, 104.
Not:: 19. — Wln-ro an agreement is made for tlio exchange o’f land then resting in certificate, and the certificate of one of the parties proving to be fraudulent, (but- of which it did not appear he had any knowledge at- the time,) the land is located by the other party, the court will decree a specific performance by the latter, and require the former to pay the reasonable expense of the re-location. (Hill v. Still, 19 T., 76.)
Norn 20. — lliivs v. homier, 14 T., 629. A purchaser of land who has received a deed with special warranty may show, in defense to a suit for the purchase-money or in his action for a rescission of the contract, that a fraud in respect to the title was practised upon him. (Rhode «. Alley, 27 T., 443.)
Wheeler, J.
We have examined tlio provisions of law referred to by the counsel for the appellant in respect to the legal custody of the document containing proceedings of the ayuntamiento of tlio municipality of Austin. We are of opinion that this was a document of the character contemplated by the provisions of the law to which we before referred, and that, consequently, it belonged to the custody of the Commissioner of the General Land Office.
The act of 18S2, to which reference lias been made, shows merely what the evidence in (he case showed, that the document had not been removed to the proper place of deposit; but it does not determine, nor was it intended to determine, to whose custody it properly belonged.
Wo adhere, to the opinion that the'judgment bo affirmed for the reasons expressed in our opinion delivered at the last term.
Judgment affirmed.